**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **John Hitchings,** )<br> )<br>**Plaintiff,** )<br> )<br>**v.** )<br> )<br>**Check Collection of America, Inc., a Texas** )<br>**Corporation; Agent Clark, Individually, and as** )<br>**Agent, Apparent Agent, Servant, and/or** )<br>**Employee of Check Collection of America, Inc.,** )<br> )<br>**Defendants.** ) | **No:**<br><br><br><br><br><br><br>**JURY DEMANDED** |

**COMPLAINT AT LAW**

**NOW COMES Plaintiff**, **John Hitchings**, by his Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants:**

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business within this District.

**PARTIES**

2.       **Plaintiff** is a citizen of the County of Cook, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3.      **Defendant**, **Check Collection of America, Inc.**, (hereinafter "**Check Collection**") is a Texas Corporation, conducting business in the County of Cook, State of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

4.      **Defendant**, **Agent Clark**, is a natural person conducting business in the County of Cook, State of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

5.      At all relevant times, **Agent Clark** was the agent, apparent agent, servant, and/or employee of **Check Collection,** and was acting in the course and scope of her agency, servitude and/or employment.

## FACTUAL ALLEGATIONS

6.      Prior to 2010, **Plaintiff** incurred a debt to Home Depot for a bounced check.

7.      This debt was for personal use.

8.      This debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

9.      On January 20, 2010, **Plaintiff** filed a petition for Chapter 13 bankruptcy protection in the Northern District of Illinois, case number 10-B-01994.

10.     The debt to Home Depot was listed in Schedule F of **Plaintiff's** bankruptcy petition.

11.     On November 10, 2010, **Plaintiff** received a letter from **Check Collection** attempting to collect the debt.

12.     On said date, **Plaintiff** called **Check Collection** and spoke to a female agent.

13.     On said date, **Plaintiff** disclosed to said agent that he was in a Chapter 13 bankruptcy.

14.     In response, said agent verified **Plaintiff's** telephone number and stated that someone would call him back.

15.     Later on November 10, 2010, **Agent Clark** called **Plaintiff**.

16.     During said telephone conversation, **Agent Clark** stated that the debt was not in **Plaintiff's** bankruptcy

17.     During said telephone conversation, **Agent Clark** stated that **Plaintiff** had one hour to pay the debt in full or a warrant would be place for his arrest

18.     As a direct and proximate result of the aforesaid threat, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional harm, physical harm.


### COUNT I
### Plaintiff v. All Defendants
### Fair Debt Collection Practices Act

1-18.   **Plaintiff** restates and re-alleges paragraphs 1-18, as and for paragraphs 1-18 of Count I, as though fully set forth herein.

19.     The aforementioned conduct of **Agent Clark** was a collection communication in violation of provisions of the FDCPA, as aforesaid.

20.     As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional harm, physical harm.

21.     As a result of **Defendants'** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from **Defendants**.

        **WHEREFORE**, **Plaintiff** prays that judgment be entered

•       against **Check Collection**; and **Agent Clark,** Individually, and as agent, apparent agent, servant, and/or employee of **Check Collection,** and each of them, and in favor of **Plaintiff,** for an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);

•       against **Check Collection**; and **Agent Clark,** Individually, and as agent, apparent agent, servant, and/or employee of **Check Collection,** and each of them, and in favor of **Plaintiff,** for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

•       against **Check Collection**; and **Agent Clark,** Individually, and as agent, apparent agent, servant, and/or employee of **Check Collection,** and each of them, and in favor of **Plaintiff,** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and;

•       for any other such further relief as may be just and proper.

### COUNT II
### Plaintiff v. Check Collections
### Negligence

1-18.   **Plaintiff** restates and re-alleges paragraphs 1-18, as and for paragraphs 1-18 of Count II, as though fully set forth herein.

19.     At all times relevant, **Check Collections**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Clark** was likely to violate

3

provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Agent Clark**.

20.     At all times relevant, **Check Collection**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Clark** was violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Agent Clark**.

21.     At all times relevant, **Check Collection**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Clark** required proper training in order to comply with the FDCPA and that without proper training, she was likely to violate the FDCPA.

22.     At all times relevant, **Check Collection** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

23.     Notwithstanding the aforesaid duty, **Check Collection**, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

       a.     Carelessly and negligently hired **Agent Clark**;

       b.     Carelessly and negligently failed to properly train **Agent Clark**;

       c.     Carelessly and negligently retained **Agent Clark**; and

       d.     Carelessly and negligently, failed to properly supervise **Agent Clark**.

24.     As a direct and proximate result of the aforementioned actions and/or omissions, **Agent Clark** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

25.     As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

•     against **Defendant, Check Collection**, and in favor of **Plaintiff**, for an award of actual damages;

- against **Defendant, Check Collection**, and in favor of **Plaintiff**, for an award of costs of suit; and

- for any other such further relief as may be just and proper.

## COUNT III
## Plaintiff v. Check Collection
## Willful, Wanton Behavior

1-18.   **Plaintiff** restates and re-alleges paragraphs 1-18 of the common counts, as and for paragraphs 1-18 of Count III, as though fully set forth herein.

19.    At all times relevant, **Check Collection**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Clark** was likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Agent Clark**.

20.    At all times relevant, **Check Collection**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Clark** was violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Agent Clark**.

21.    At all times relevant, **Check Collection**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Clark** required proper training in order to comply with the FDCPA and that without proper training, she was likely to violate the FDCPA.

22.    At all times relevant, **Check Collection** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

23.    Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to collect from, including **Plaintiff**, **Check Collection**, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

   a.    Willfully and wantonly hired **Agent Clark**;

   b.    Willfully and wantonly failed to properly train **Agent Clark**;

   c.    Willfully and wantonly retained **Agent Clark**; and

   d.    Willfully and wantonly failed to properly supervise **Agent Clark**.

24.     As a direct and proximate result of the aforementioned actions and/or omissions, **Agent Clark** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

25.     As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

*   against **Defendant, Check Collection**, and in favor of **Plaintiff**, for an award of actual damages;

*   against **Defendant, Check Collection**, and in favor of **Plaintiff**, for an award of punitive damages;

*   against **Defendant, Check Collection**, and in favor of **Plaintiff**, for an award of costs of suit; and

*   for any other such further relief as may be just and proper.

### COUNT IV
**Plaintiff v. Check Collection**
**Violation of 11 U.S.C. § 362**

1-18.   **Plaintiff** restates and re-alleges paragraphs 1-18 of the common counts, as and for paragraphs 1-18 of Count IV, as though fully set forth herein.

19.     Upon filing her bankruptcy petition on January 20, 2010, the automatic stay went into effect, pursuant to 11 U.S.C. § 362.

20.     **Plaintiff's** oral notice to a **Check Collection** agent on November 10, 2010, constituted sufficient notice of his bankruptcy.

21.     Despite oral notice of his bankruptcy, **Agent Clark** called **Plaintiff** in an attempt to collect the debt.

22.     Said attempt was willful violations of the automatic stay as it was made with knowledge of the bankruptcy.

23.     **Plaintiff** is entitled to actual damages, including attorney's fees, and punitive damages, for said willful violation of the automatic stay, pursuant to 11 U.S.C. § 362(k).

6

   **WHEREFORE**, **Plaintiff** prays that judgment be entered against **Check Collection** and in favor of **Plaintiff**:

    a.  for an award of actual damages, pursuant to 11 U.S.C. § 362(k);

    b.  for an award of attorney's fees, pursuant to 11 U.S.C. § 362(k);

    c.  for an award of punitive damages, pursuant to 11 U.S.C. § 362(k); and

    d.  for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 170
Fax 312-476-8530